

SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>HAWAII STAGE AND LIGHTING RENTALS, INC.,<br><br>Debtor. | Case No. 24-01132<br>Chapter 11 |
| HAWAII STAGE AND LIGHTING RENTALS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>KALANI RODRIGUES, et al.,<br><br>Defendants. | Adversary Proceeding No. 25-90002<br>USDC Civil No. 25-00132 MWJS-RT<br><br><br><br><br><br><br><br>Related ECF Nos.: 33, 35 |

## ORDER REGARDING PLAINTIFF'S MOTION TO STRIKE DEMAND FOR JURY TRIAL AND DEFENDANTS' MOTION FOR DETERMINATION THAT ADVERSARY PROCEEDING IS NON-CORE; RECOMMENDATION TO DISTRICT COURT <u>TO WITHDRAW REFERENCE TO CONDUCT JURY TRIAL</u>

I recommend that the district court set a jury trial date in this adversary proceeding and withdraw the reference ninety days before the trial date so the bankruptcy court can conduct most of the pretrial proceedings. I make this recommendation for two reasons. First, some of the claims in this case are triable to a jury, and the bankruptcy court in this district cannot conduct jury trials. Second, some of the claims in the case are non-core proceedings, meaning that the bankruptcy court cannot enter a final judgment on those claims (unless all parties consent). But the bankruptcy court can and, in the interest of efficiency, should handle the pretrial phase of this case.

## I.    Background Facts

Hawaii Stage and Lighting Rentals, Inc. ("HSLR") contends that its former employee, Kalani Rodrigues, and his company, Onstage Hawaii ("Onstage"), have misappropriated its business.

HSLR filed a lawsuit against Onstage and Mr. Rodrigues in state court on February 8, 2024. The complaint did not include a jury demand. Mr. Rodrigues answered the complaint and made a counterclaim on March

U.S. Bankruptcy Court - Hawaii   #25-90002   Dkt # 56   Filed   07/01/25   Page 2 of 11

22, 2024. He did not include a jury demand in his answer. HSLR answered the counterclaim on April 11, 2024, and did not demand a jury.

Mr. Rodrigues filed a demand for a jury trial only on his counterclaim on April 22, 2024. Because April 21, 2024, was a Sunday, this demand was filed within ten days after HSLR answered the counterclaim.

Onstage filed its answer to the initial complaint on July 15, 2024. Onstage and Mr. Rodrigues filed a jury demand for all issues triable to a jury on July 24, 2024.

HSLR filed a chapter 11 bankruptcy petition on December 14, 2024. On January 13, 2025, Onstage and Mr. Rodrigues filed the complaint that commenced this adversary proceeding and removed HSLR's lawsuit to the bankruptcy court from state court pursuant to 28 U.S.C. § 1452(a).

Mr. Rodrigues filed a proof of claim in HSLR's bankruptcy case. HSLR objected to that claim.

The court has not formally consolidated the adversary proceeding, the removed case, and the objection to claim, but the court has set all of those matters for trial on the same day.

On March 19, 2025, the defendants filed a motion to withdraw the reference which was transmitted to the United States District Court and is pending there as Civil No. 25-00132 MWJS-RT. ECF 15.

The court entered an order confirming HSLR's small business plan of reorganization on May 1, 2025. The order provides that the bankruptcy court will retain jurisdiction over claim objections and "any cause of action which may exist in favor of the debtor." ECF 142 at 43-44.[1]

## II.    Jury Demand

HSLR moves to strike Mr. Rodrigues's jury demand (ECF 33), arguing that it was untimely and that Mr. Rodrigues waived his right to a jury trial by filing a proof of claim in HSLR's bankruptcy case.

On the question of timeliness, HSLR recently filed a first amended complaint ("FAC") which joins a new defendant, JD Brill, and adds new factual allegations. The defendants have not yet responded to the FAC, but they will probably file a jury demand with their response. [2]

---

[1] Docket for the main bankruptcy case.

[2] Counsel for the defendants represented that they had until July 18, 2025, to respond to the FAC.

U.S. Bankruptcy Court - Hawaii   #25-90002   Dkt # 56   Filed   07/01/25   Page 4 of 11

A party may serve a written demand for a jury trial "no later than 14 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b)(1); *see also Bentler v. Bank of Am. Nat. Tr. & Sav. Ass'n*, 959 F.2d 138, 140 (9th Cir. 1992) (holding that "[w]hen defendants are jointly and severally liable for a claim containing an issue on which there is a right to jury trial, the 'last pleading directed at such issue' is the last pleading required to be filed as between the plaintiff and *any* of the jointly liable defendants," and "where a defendant files with its answer a counterclaim that involves the same factual issues as the plaintiff's complaint, a plaintiff's jury demand served within 10 days of its reply is timely as to both the counterclaim *and the original claim*."). This means that Mr. Brill's deadline to demand a jury has not begun to run, and HSLR, Onstage, and Mr. Rodrigues can still make a timely jury demand respecting (at a minimum) any new issues raised in the FAC.

But Mr. Rodrigues has waived his right to a jury trial on certain issues. When a creditor submits a claim against the bankruptcy estate, that claim is part of the process of allowance and disallowance of claims and

U.S. Bankruptcy Court - Hawaii   #25-90002   Dkt # 56   Filed 07/01/25   Page 5 of 11

there is no right to a jury trial. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 57-59 (1989). Mr. Rodrigues has filed a proof of claim in the main bankruptcy case. The basis for his proof of claim is "services performed" for HSLR. Mr. Rodrigues does not have a right to a jury trial on any issues presented by his proof of claim because adjudicating the claim is a part of the "allowance and disallowance of claims."

HSLR has asserted claims against Mr. Rodrigues, however, that do not overlap with Mr. Rodrigues's proof of claim. Mr. Rodrigues's proof of claim does not operate as a waiver of his right to a jury trial on HSLR's nonoverlapping claims against him. Further, Onstage and Mr. Brill have not filed proofs of claim, so they have not waived their rights to a jury trial.

Therefore, HSLR's motion to strike Mr. Rodrigues's jury demand is GRANTED IN PART and DENIED IN PART because some of the issues in this adversary proceeding are triable to a jury. I will not attempt to identify those issues with precision because the trial judge should be free to do so when deciding how to present the case to the jury.

U.S. Bankruptcy Court - Hawaii   #25-90002   Dkt # 56   Filed   07/01/25   Page 6 of 11

### III. Core vs. Non-core Proceeding

Mr. Rodrigues and Onstage move the court to determine that all of the claims in this adversary proceeding are "non-core." (ECF 35.) This requires examination of the bankruptcy court's decisional power.

Congress has granted subject matter jurisdiction to the district court over all "cases under title 11" and "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(a), (b). These broad terms easily encompass all of the claims in this matter. HSLR's objection to Mr. Rodrigues' claim "arises in" HSLR's chapter 11 case, *Battle Ground Plaza, LLC v. Ray* (*In re Ray*), 624 F.3d 1124, 1131 (9th Cir. 2010) (explaining that a claim "arises in" bankruptcy law if its existence depends on a substantive provision of the Bankruptcy Code). All of the other claims among the parties are at least "related to" HSLR's case. *Great Western Savings v. Gordon* (*In re Fietz*), 852 F.2d 455, 457 (9th Cir. 1988) (holding that any matter that could have any conceivable effect on the bankruptcy estate is a "related to" proceeding).

Congress has authorized the district courts to refer some or all matters within their bankruptcy jurisdiction to the bankruptcy courts. 28 U.S.C. § 157(a). But because bankruptcy judges lack Article III status, Congress has limited the decisional authority of the bankruptcy court. If Congress has designated a proceeding as a "core proceeding," the bankruptcy court can enter a final judgment, reviewable under the usual appellate standards. *Id*. § 157(b). If not, the bankruptcy court can enter only proposed findings and a recommended judgment for the district court's de novo review, *id*. § 157(c)(1).[3]

HSLR's claims against Onstage and Mr. Brill are not core. They have not filed proofs of claim. HSLR's claims against them do not implicate bankruptcy law.

HSLR's objection to Mr. Rodrigues's proof of claim is a "core proceeding" because it involves the "allowance or disallowance of claims against the estate . . . ." *Id*. § 157(b)(2)(B).

---

[3] The bankruptcy court can enter a final judgment in a non-core proceeding if all parties consent, *id*. § 157(c)(2). But Mr. Rodrigues and Onstage have not consented (ECF 12 at 3-4) and probably will not consent.

HSLR's affirmative claims against Mr. Rodrigues are partly core and partly noncore. As HSLR points out, "counterclaims by the estate against persons filing claims against the estate" are core proceedings under the statute, *id.* § 157(b)(2)(C). HSLR argues that its claims against Mr. Rodriguez are functionally counterclaims against Mr. Rodriguez's proof of claim. But the Supreme Court has held that, unless the claim and the counterclaim are mirror images of each other, section 157(b)(2)(C) unconstitutionally delegates power to a judge lacking Article III status. *See Stern v. Marshall*, 564 U.S. 462, 482, 492 (2011) (explaining that the bankruptcy court exceeded its power by adjudicating counterclaims that the debtor raised but were not part of the creditor's claim). Thus, the bankruptcy court can enter a final judgment on a debtor's counterclaim only if resolving the proof of claim also resolves all of the issues in the counterclaim. *Id.*

Mr. Rodrigues's proof of claim and HSLR's claims against Mr. Rodrigues overlap significantly, but not perfectly. Resolving HSLR's counterclaims would not entirely resolve Mr. Rodrigues's proof of claim.

U.S. Bankruptcy Court - Hawaii   #25-90002   Dkt # 56   Filed   07/01/25   Page 9 of 11

Both HSLR and Mr. Rodrigues could conceivably prevail on portions (at least) of their claims. Therefore, HSLR's claims against Mr. Rodrigues are partly non-core, and Mr. Rodrigues's and Onstage's motion is GRANTED IN PART and DENIED IN PART.

As in the case of the jury demand, I will not attempt to define in advance which claims are core or noncore but instead will confront the issue as the parties raise dispositive issues. (Further, if the district court adopts the recommendation stated in the following section, the district court would issue the final judgment, and the limits on the bankruptcy court's decisional power would become irrelevant.)

## IV. Withdrawal of the Reference

The district court "may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). The Ninth Circuit has said that, "[i]n determining whether cause exists, a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of

forum shopping, and other related factors." *Security Farms v. International Broth. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997).

Portions of this case are triable to a jury and the bankruptcy court lacks authority to conduct a jury trial. To promote judicial efficiency and expedite this case, I recommend that the district court enter an order setting a date for a trial of this matter (including the adversary proceeding, the case removed from state court, and the objection to Mr. Rodrigues's proof of claim) before a district judge. I further recommend that to facilitate a prompt resolution of this matter, the district court continue to refer the matter to the bankruptcy court for all purposes until ninety days prior to the trial date, including procedural and dispositive matters. Alternatively, the district court may wish to withdraw reference completely now and address all remaining pretrial matters itself.

The clerk shall transmit this recommendation to the district court, together with a copy of the docket sheet.

**END OF RECOMMENDATION**

U.S. Bankruptcy Court - Hawaii   #25-90002   Dkt # 56   Filed  07/01/25   Page 11 of 11